IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CRES INSURANCE SERVICES, | : | |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| HIIG GROUP, f/k/a HOUSTON INTERNATIONAL INSURANCE GROUP, IMPERIUM INSURANCE COMPANY f/k/a DELOS INSURANCE COMPANY and HOUSTON SPECIALTY INSURANCE COMPANY, f/k/a NAXOS INSURANCE COMPANY, | : : : : : : | |
| Defendants. | | |

# COMPLAINT

1.  This is a breach of contract action arising out of two related contracts between

principal place of business is 800 Gessner Road, Suite 600, Houston, Texas 77024. Imperium is authorized to write surplus lines insurance policies in the state of New York. Pursuant to 28 U.S.C. § 1332(c), Imperium is a citizen of Texas.

5. Naxos Insurance Company ("Naxos") was a corporation formerly organized under the laws of Delaware whose principal place of business was New York City, New York.

6. In 2010 Naxos was renamed Houston Specialty Insurance Company ("Houston Specialty"). In 2011 Houston Specialty was re-organized under the laws of Texas. Houston Specialty's principal place of business is 800 Gessner Road, Suite 600, Houston, Texas 77024. Houston Specialty is authorized to write surplus lines insurance policies in the state of New York. Pursuant to 28 U.S.C. § 1332(c), Houston Specialty is a citizen of Texas.

7. Houston Specialty is a subsidiary of HIIG Group ("HIIG"). HIIG was formerly known as Houston International Insurance Group. HIIG is a corporation organized under the

Delos Agreement is Exhibit 1 to this Complaint. Delos executed and began performing the CRES-Delos Agreement in New York City, New York.

11. Effective December 31, 2010, CRES and Delos entered into an Addendum No. 2 to the CRES-Delos Agreement. An authentic copy of Addendum No. 2 to the CRES-Delos Agreement is Exhibit 2 to this Complaint. Addendum No. 2 changed the effective name of Delos in the Agreement to Imperium Insurance Company.

12. Article XXI of the CRES-Delos Agreement provided that the agreement was to be governed by New York law and that all actions or proceedings arising under the agreement would be tried and litigated exclusively in state or federal courts located in New York County, New York.

13. CRES and Naxos entered into a "Program Management Agreement" on June 1, 2008 (the "CRES-Naxos Agreement"). An authentic copy of the CRES-Naxos Agreement is

## COUNT I – BREACH OF CONTRACT

16.    CRES realleges all of the allegations of Paragraphs 1 – 15 as if fully restated herein.

17.    As used hereafter, the CRES-Delos Agreement and the CRES-Naxos Agreement are referred to collectively as the "Program Management Agreements." Each of the Program Management Agreements is an enforceable contract.

18.    Under the Program Management Agreements, CRES agreed to act as program manager for Delos, Naxos, Imperium & Houston Specialty and surplus lines broker for Naxos and Houston Specialty for the purpose of underwriting the coverages specified in Exhibit Two to the Agreements. CRES so acted as program manager and broker for Defendants from June 1, 2008 through November 13, 2012.

19.    CRES's compensation was to be determined in accordance with Exhibit Three to

Houston Specialty. Defendants were obligated, pursuant to the Program Management Agreements, to fully pay CRES the commissions it was due.

22. Despite numerous demands by CRES to representatives of Imperium, Houston Specialty, and HIIG Group, neither Houston Specialty, nor Imperium, nor HIIG have paid CRES the increased commissions which it is owed nor provided the accounting required by the Program Management Agreements.

23. As a result, each Defendant has breached their respective Program Management Agreement. CRES has been damaged as a result of such breaches.

24. CRES has fulfilled all conditions precedent to its entitlement to the unpaid commissions and to bringing this action.

WHEREFORE, CRES Insurance Services, LLC requests that judgment be entered in its favor against HIIG Group, Imperium Insurance Company, and Houston Specialty Insurance